**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Jacksonville Division**

**JOSEPH HOWARD**

    **Plaintiff,**

v.     **CIVIL ACTION NO.:**

**KIRBYCO BUILDERS, INC.
and CHRISTOPHER KIRBY,
individually**

    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL
DECLARATORY RELIEF REQUESTED**

**COMES NOW** Plaintiff Joseph Howard ("Plaintiff" or "Mr. Howard"), by and through the undersigned counsel, and hereby brings this Complaint against Defendants, Kirbyco Builders, Inc. ("Kirbyco") and Christopher Kirby ("Mr. Kirby"), (collectively, "Defendants") and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Mr. Howard is an adult male citizen of the State of Florida and a resident of Jacksonville, Florida.

2. Defendant Kirbyco is a Florida corporation organized and existing under the laws of Florida with its principal place of business located in Jacksonville, Florida.

3. Upon information and belief, Defendant Mr. Kirby is president of Defendant Kirbyco, and resides in Jacksonville, Florida.

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1337, and the Fair Labor Standards Act ("FLSA").

5. This Court has the power to exercise supplemental jurisdiction over Mr. Howard's state law claim pursuant to 29 U.S.C. § 1367.

6. This Court has authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

7. The allegations of this Complaint involve acts and occurrences while Mr. Howard was employed by Defendants in Jacksonville, Florida. Venue is proper within the United States District Court for the Middle District of Florida, Jacksonville Division pursuant to 28 U.S.C. § 1391(b).

## COVERAGE

8. Defendant Kirbyco is an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r), (s).

9. Defendant Kirbyco was Mr. Howard's "employer", as that term is defined by 29 U.S.C. § 203(d).

10. Defendant Kirbyco engaged in commerce as defined by 29 U.S.C. § 203(b).

11. Defendant Kirbyco engaged in providing construction and building goods and services, and Defendant Kirbyco's employees regularly sold, handled, or otherwise worked on goods or materials that had been moved or produced for commerce.

12. Defendant Kirbyco has had an annual gross volume of sales made or business done of not less than $500,000.00, and employed two or more employees.

13. Defendant Mr. Kirby was Mr. Howard's "employer", as that term is defined by 29 U.S.C. § 203(d).

14. Defendant Mr. Kirby owns and operates Defendant Kirbyco, and regularly exercises the authority to: (a) hire and fire employees of Defendant Kirbyco; (b) determine the work schedules and assignments for employees of Defendant Kirbyco; and (c) control the finances and daily operations of Defendant Kirbyco.

15. Defendant Mr. Kirby exercised supervisory authority over Mr. Howard, and was responsible for Mr. Howard's hiring and firing.

16. Defendant Mr. Kirby exercised supervisory authority over Mr. Howard's work schedule and assignments.

17. Defendant Mr. Kirby was directly responsible for determining, and paying Mr. Howard's wages.

18. Defendant Kirbyco employs 10 or more employees.

19. Upon information and belief, to the extent that such records exist, records concerning the number of hours worked and the amounts paid to Mr. Howard, are in the possession, custody and control of Defendants.

## **FACTUAL ALLEGATIONS**

20. Defendants operate a business providing construction and building goods and services.

21. Specifically, Defendants' goods and services include providing framing, drywall, and interior and exterior finishing on both commercial and residential projects.

22. Mr. Howard was employed by Defendants from approximately 2012 to May 25, 2021.

23. Defendants employed Mr. Howard as a foreperson, with duties and responsibilities that included for example, overseeing work performed by other workers employed by Defendants; and, performing manual labor for various scopes of work including, framing, hanging, finishing, insulation, acoustical, stucco, lath and trim, scaffolding, clean-up, rough carpentry, and other manual work and labor.

24. Mr. Howard's duties and responsibilities were controlled, and directed by Defendants, with very little discretion given to Mr. Howard.

25. Defendants determined the projects Mr. Howard worked on, Mr. Howard's assignments for the projects, and Mr. Howard's schedule for the projects.

26. Mr. Howard did not have discretion to modify his schedule, the projects that he worked, or how his work on the projects was performed.

27. Mr. Howard was supervised by Defendant Kirbyco's project managers and Defendant Mr. Kirby.

28. Mr. Howard did not report directly to any other contractors or project owners as would be the case if Mr. Howard were an actual independent contractor or subcontractor on a construction project.

29. Mr. Howard worked with a crew of other workers who also performed manual labor for various scopes of work including, framing, hanging, finishing, insulation, acoustical, stucco, lath and trim, scaffolding, clean-up, rough carpentry, and other manual work and labor.

30. The workers on Mr. Howard's crew were employed directly by Defendants, and were paid directly by Defendants. Although it is believed that these other workers were also improperly characterized as independent contractors by Defendants.

31. The workers on Mr. Howard's crew also reported to, and were supervised by Defendant Kirbyco's project managers.

32. The duties and responsibilities of the workers on Mr. Howard's crew were controlled and directed by Defendants.

33. Aside from some personal hand tools, all tools, materials, supplies, and equipment for projects Mr. Howard and his crew worked on for Defendants were supplied by Defendants.

34. Mr. Howard and other workers for Defendants wore, and were

expected to wear Defendant Kirbyco shirts and apparel on the job sites.

35. Mr. Howard and other workers for Defendants were required to follow Defendants' rules, guidelines, and protocols.

36. Mr. Howard and other workers for Defendants were also required to complete and submit forms to Defendants which included for example, Defendant Kirbyco daily timesheet forms, field order forms, and daily reports submitted on behalf of Defendant Kirbyco to other contractors.

37. Defendants agreed to pay Mr. Howard at an hourly rate of $22 per hour for local work performed, and $45 per hour for non-local work performed.

38. Mr. Howard's pay was determined strictly on an hourly basis according to the actual number of hours worked, rather than according to a predetermined number of hours or amount of pay.

39. Mr. Howard's pay also varied based upon the number of hours worked, such that the number of hours worked by Mr. Howard were often different from week to week.

40. Mr. Howard was not guaranteed any minimum amount of hours or pay during the course of employment with Defendants.

41. As such, Mr. Howard's pay was subject to reduction if he did not work the actual number of hours corresponding to his hourly rate of pay.

42. On certain projects, Mr. Howard regularly worked in excess of 40 hours per week for Defendants.

43. For the weeks in which Mr. Howard worked in excess of 40 hours per week, he was not paid overtime at the rate of one and one half of his regular rate of pay.

44. Mr. Howard was not paid for overtime pay owed despite the nature of his employment being non-exempt work requiring overtime pay for work performed.

45. Defendants improperly characterized Mr. Howard as an independent contractor rather than an employee to avoid paying Mr. Howard and other employees overtime wages in compliance with the FLSA.

46. Defendants improperly characterized Mr. Howard as an independent contractor rather than an employee to avoid complying with other federal and state laws, including but not limited to, federal payroll taxes, Social Security taxes, Medicare taxes, federal and state unemployment taxes, and the Affordable Care Act.

47. As a result of the improper independent contractor characterization, Defendants submitted annual 1099 tax filing forms for Mr. Howard rather than W-2 forms.

48. Defendants also failed to deduct and withhold applicable payroll taxes from Mr. Howard's regular, periodic paychecks.

49. Likewise, Defendants failed to make applicable federal and state tax contributions to Social Security, Medicare, federal employer payroll taxes, federal

employee payroll tax withholdings, and federal and state unemployment compensation taxes.

50. The improper independent contractor classification also resulted in Defendants failing to provide mandatory health insurance coverage to Mr. Howard and other employees of Defendants as required by the Affordable Care Act.

51. On or about April 1, 2021, Mr. Howard met with Defendant Mr. Kirby in person, and complained to Defendant Mr. Kirby that he should be paid as an employee of Defendant Kirbyco rather than as an independent contractor.

52. During the April 1st meeting with Defendant Mr. Kirby, complained to Defendant Mr. Kirby that as a result of not being classified as an employee of Defendant Kirbyco, Mr. Howard was being denied full access to important employee-related government benefits such as Social Security, Medicare, unemployment compensation/reemployment assistance, and healthcare coverage.

53. Mr. Howard also complained that because he was not being paid as an employee of Defendant Kirbyco, Social Security taxes, Medicare taxes, unemployment compensation/reemployment assistance taxes, and other payroll taxes were not being deducted from his wages.

54. Defendant Mr. Kirby responded to Mr. Howard that to designate Mr.

Howard as an employee would cost Defendants too much money, and refused to change the improper independent contractor payroll classification of Mr. Howard.

55. On or about May 25, 2021, less than two months after Mr. Howard's complaints regarding his improper independent contractor status, Mr. Howard's employment was unexpectedly terminated without reasonable justification.

56. When Mr. Howard inquired why he was terminated, Mr Howard was only told by one of Defendant Kirbyco's project managers that Defendant Mr. Kirby stated that Mr. Howard's "heart was not in it anymore."

57. Prior to Mr. Howard's termination, he had not been subjected to formal performance or conduct warnings or discipline, and there had not been any incidents of misconduct or poor performance that would justify the sudden termination.

58. Mr. Howard submits that his termination was the result of his complaints that Defendants were in violation of federal and state laws by improperly classifying him as an independent contractor rather than an employee.

59. Defendants have acted willfully in failing to pay Mr. Howard overtime compensation in accordance with the law.

60. All conditions precedent and exhaustion of administrative remedies, if any, to this action have been satisfied or waived, and this action is timely filed.

## COUNT I

## Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207, *et seq*.-Overtime Violation

61. Mr. Howard restates and realleges each and every factual allegation contained in paragraphs 1 through 4, 6 through 45, and 59 through 60 of this Complaint with the same force and vigor as if set out here in full.

62. Mr. Howard is a non-exempt employee under the FLSA.

63. Mr. Howard is entitled to overtime compensation at the statutory rate for all hours worked in excess of forty (40) hours in a given week.

64. Mr. Howard often worked in excess of forty (40) hours per work week.

65. Mr. Howard was not paid overtime compensation for all hours worked in excess of forty (40) hours in a given work week, as required under the FLSA.

66. By reason of Defendants' violation of the FLSA by failing to pay all overtime compensation to Mr. Howard, Mr. Howard is entitled to recover all amounts provided for pursuant to 29 U.S.C. §§ 207, 216.

67. Defendants' failure to pay overtime compensation was willful, and therefore Mr. Howard is entitled to liquidated damages pursuant to 29 U.S.C. § 216.

68. As a direct and proximate result of Defendants' deliberate

underpayment of wages, Mr. Howard has been damaged in the loss of overtime wages during his employment with Defendants.

69.     Mr. Howard has retained the services of The Law Office of Shands M. Wulbern, P.A., and has promised to pay said law firm reasonable attorney's fees and costs for which Defendants are liable pursuant to the statutory provisions under 29 U.S.C. § 216.

WHEREFORE, Plaintiff Joseph Howard demands judgment against Defendants, jointly and severally, for the payment of all hours worked at a rate not less than the statutorily prescribed overtime wage, back pay, liquidated damages, or if liquidated damages are not awarded, then pre-judgment interest and post-judgment interest at the highest allowable rate, attorney's fees and costs pursuant to 29 U.S.C. § 216, declaratory relief, and any other relief this Court deems just and proper.

## COUNT II

### Violation of the Florida Whistleblower Act (FWA), Fla. Stat. §§ 448.102, *et seq.*

70.     Mr. Howard restates and realleges each and every factual allegation contained in paragraphs 1 through 3, 5, 7, 18, 20 through 42, 46 through 58, and 60 of this Complaint with the same force and vigor as if set out here in full.

71.     The Florida Whistleblower Act, Fla. Stat. § 448.102(3), provides in relevant part that an employer may not take retaliatory personnel action against

an employee for objecting to, or refusing to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

72. Mr. Howard objected to, and refused to participate in, Defendant Kirbyco's failure to properly compensate Mr. Howard as an employee, and in doing so, Defendant Kirbyco failed to subject Mr. Howard's pay to required Social Security taxes, Medicare taxes, federal payroll taxes, unemployment compensation/reemployement assistance benefit taxes, and other government required taxes and tax withholdings as an employee rather than as an independent contractor.

73. Mr. Howard objected to, and refused to participate in, Defendant Kirbyco's failure to properly compensate Mr. Howard as an employee, and in doing so, Defendant Kirbyco failed to afford Mr. Howard government benefits such as Social Security benefits, Medicare benefits, unemployment compensation/reemployment assistance benefits, and mandated healthcare insurance through his employer.

74. Defendant Kirbyco's conduct constituted, or Mr. Howard reasonably believed that Defendant Kirbyco's conduct constituted, an activity, policy or practice of Defendant Kirbyco which was in violation of federal and state payroll tax and benefit laws and regulations. These underlying violations include provisions of the Internal Revenue Code (26 U.S.C. §§ 3101, *et seq.;* 26 U.S.C. §§ 3301, *et seq.;* 26 U.S.C. §§ 3401, *et seq.*; and 26 U.S.C. §§ 3501, *et seq.*), the

Florida Reemployment Assistance Program Law, Fla. Stat. §§ 443.011, *et seq.*, and the Affordable Care Act, 42 U.S.C. §§ 18001, *et seq.*; 26 U.S.C. § 4980H.

75. Mr. Howard objected to, and refused to participate in, Defendant Kirbyco's activities, policies and practices alleged herein.

76. Defendant Kirbyco took retaliatory personnel action against Mr. Howard by terminating his employment, because Mr. Howard objected to, and refused to participate in, Defendant Kirbyco's activities, policies and practices alleged herein, in violation of Fla. Stat. §448.102(3).

77. As a direct and proximate result of the unlawful retaliatory actions of Defendant Kirbyco, by and through its agents and employees, Mr. Howard has suffered and will continue to suffer, damages, including but not limited to lost back pay and front pay, loss of earning capacity, mental and emotional distress, pain and suffering, humiliation, loss of dignity, loss of enjoyment of life, expenses, and damage to his career and reputation.

78. Mr. Howard has retained the services of The Law Office of Shands M. Wulbern, P.A., and has promised to pay said law firm a reasonable for their services, which Mr. Howard is entitled to recover from Defendant Kirbyco pursuant to Fla. Stat. § 448. 104.

WHEREFORE, Plaintiff Joseph Howard respectfully requests the Court to enter judgment against Defendant Kirbyco, and in favor of Mr. Howard, granting damages for lost back pay, lost front pay, benefits and entitlements, lost of

earning capacity, mental and emotional distress, pain and suffering, humiliation, loss of dignity, loss of enjoyment of life, expenses, damage to his career and reputation, attorneys' fees and costs under Fla. Stat. § 448.104, prejudgment and post-judgment interest, and granting such further relief as this Court deems just and proper.

## COUNT III

## Declaratory Judgment

79. Mr. Howard restates and realleges each and every factual allegation contained in paragraphs 1 through 4, 6 through 45, and 59 through 60 of this Complaint with the same force and vigor as if set out here in full.

80. Mr. Howard has a dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

81. The Court also has jurisdiction to hear Mr. Howard's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

82. Mr. Howard may obtain declaratory relief.

83. Defendants have employed Mr. Howard.

84. Defendant Kirbyco is an enterprise.

85. Defendant Mr. Kirby is an employer.

86. Mr Howard is individually covered by the FLSA.

87. Defendants failed to pay Mr. Howard all applicable overtime as

required under the FLSA.

88. Mr. Howard is entitled to overtime pay pursuant to 29 U.S.C. 207(a)(1).

89. Defendants did not rely upon a good faith defense.

90. Mr. Howard is entitled to an equal amount in liquidated damages.

91. It is in the public interest to have these declarations of rights recorded.

92. Mr. Howard's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

93. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff Joseph Howard demands a declaration of rights finding that an employer/employee relationship existed, Mr. Howard did not receive payment for all hours worked at a rate not less than the statutorily prescribed overtime wage, Defendants violated the overtime regulations, Defendants have a legal duty to pay Mr. Howard at a rate not less than the statutorily prescribed overtime wage rate, Defendants failed to prove a good faith defense, Mr. Howard is entitled to: payment of overtime wages, liquidated damages, and reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216.

## **DEMAND FOR JURY TRIAL**

Plaintiff Joseph Howard demands trial by jury with respect to all issues,

counts, claims, controversies and damages so triable.

Dated: April 1, 2022.

                Respectfully submitted,

                The Law Office of Shands M. Wulbern, P.A.

By:<u>/s/ *Shands M. Wulbern*</u>
    Shands M. Wulbern
    Florida Bar No. 0155217
    3000 Hartley Road, Suite 10
    Jacksonville, Florida 32257
    (904) 570-9233
    swulbern@wulbernlaw.com

*Trial Counsel for Plaintiff*